IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM BROWN, HW-9031,  )
    Petitioner,  )
      )
    v.  )  2:16-cv-109
      )
MICHAEL OVERMYER, et al.,  )
    Respondents.  )

MEMORANDUM OPINION

    William Brown, an inmate at the State Correctional Institution – Forest has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    Brown is presently serving a life sentence following his conviction by a jury of first degree murder and aggravated assault at No. CP-32-CR-0000451-2010 in the Court of Common Pleas of Indiana County, Pennsylvania. This sentence was imposed on March 11, 2011.[1]

    An appeal was taken to the Superior Court in which one issue was raised namely "was the weight of the evidence sufficient to support the verdict?"[2] On February 6, 2012, the judgment of sentence was affirmed.[3] Allowance of appeal was denied by the Pennsylvania Supreme Court on September 17, 2012.[4]

    Brown filed a post-conviction petition on May 16, 2013.[5] After the petition was denied, an appeal was filed in the Superior Court in which the issues raised were:

> I. Whether trial counsel was ineffective in his representation of the appellant in that he failed to:
> (a) fully utilize the volume of the psychiatric and medical evidence at his disposal to support the Appellant's defense of diminished capacity;
> (b) fully utilized the evidence of the solitary confinement and "snitching" that weighed heavily on his mental health?

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Answer at Exhibit 121.
[3] Id.
[4] Id. at Exhibit 116.
[5] Id. at Exhibit 126.

> II. Whether trial counsel was ineffective for failing to utilize the prior history of mental illness along with the examination of Dr. Martone to show that the Appellant did not knowingly or intelligently waive his <u>Miranda</u> rights?
>
> III. Whether trial counsel was ineffective for not ensuring that the Appellant understood the significance of cooperating with the Commonwealth's psychiatrist?[6]

Relief was denied, the denial of relief was affirmed by the Superior Court on February 10, 2015,[7] and allowance of appeal was denied by the Pennsylvania Supreme Court on July 28, 2015.[8]

In the instant petition executed on January 20, 2016 and filed in this Court on January 26, 2016, Brown raises the following issues in support of his claim for relief:

> 1. Trial counsel rendered Constitutionally ineffective assistance in failing to provide petitioner with cautionary advice and warnings prior to his psychiatric examination by the Commonwealth's forensic psychiatrist.
>
> 2. Trial counsel rendered Constitutionally ineffective assistance by failing to call known relevant expert witnesses and/or introduce available evidence relevant to support petitioner's diminished capacity defense.[9]

The background to this prosecution is set forth in the trial court's June 30, 2011 Opinion:

On February 27-28, 2010, the Defendant was an inmate at the State Correctional Institution at Pine Grove in Indiana County, the decedent Jayson Stewart was also an inmate at SCI Pine Grove. The Defendant and Mr. Stewart were cell mates in the restrictive housing unit at the prison.

On February 27, 2010, the Defendant and Mr. Steward had become involved in a disagreement and made the decision that they would fight that night, after lights out, so that the correctional officers would be unaware of what they were doing. Prior to the fight the Defendant obtained a razor from another inmate to use in the fight. The Defendant obtained the razor by means of "fishing". Fishing is a procedure where the inmate use cloth strips or string to transfer items from one cell to another cell.

At some point in the evening of February 27, 2010, or early morning of February 28, 2010, the Defendant and Mr. Stewart began to fight. The Defendant initially

---

[6] Id. at Exhibit 157.
[7] Id.
[8] Id. at Exhibit 156.
[9] See: Petition at ¶ 12.

2

possessed the razor and cut Mr. Stewart on the neck and tongue. The Defendant then abandoned the razor and placed a sock in the victim's moth and attempted to smother him with a pillow. When this proved unsuccessful the Defendant than took a bed sheet wrapped it around the victim's neck and strangled the victim causing his death.

Following the killing the Defendant fished the razor back to the cell above him. He then packed his belongings and placed them by the door. The Defendant testified that he knew that the correctional officers would not allow him to remain in the cell and he did not want to lose any belongings or have them mixed up with Mr. Stewart's. the Defendant then called the correctional officers to inform them of the death.

At trial, the Defendant presented a diminished capacity defense… A defendant presenting a defense of diminished capacity concedes criminal liability. The defense challenges the Defendant's capacity to have a specific intent to kill required for first degree murder …[10]

The Commonwealth concedes that the petition here is both timely and that the issues which the petitioner seeks to raise here have been presented to the state courts for their consideration in the first instance.[11]

Both issues which the petitioner raises here concern the alleged ineffectiveness of trial counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in

---

[10] See: Answer at Exhibit 99.
[11] See: Answer at pp.4-5.

performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

At the post-conviction hearing held on December 11, 2013 (Ex. 139), petitioner's trial counsel testified (TT. 12/11/13 pp.35-55) that the basis of the defense was diminished capacity (p.44); that he would only raise that defense after discussion with his client and receiving consent (pp. 36-37); that his trial strategy was to avoid the jury learning that petitioner had been labeled a "snitch" nor did he want to jury to learn about the petitioner's extensive criminal history although it had heard his diagnosis (pp. 39-40, 44,46); that he had advised the petitioner to cooperate with the examining psychiatrists (p.40,42); had he had no reason to call more than the defense psychiatric expert to testify as to the petitioner's mental state (p.46); that he did not possess any evidence supporting the suggestion that the incident occurred as a result of the petitioner being housed in the restrictive housing unit (R.48) and that although he did file a partially successful motion to suppress, the petitioner's statements were voluntarily made and only those statements made prior to his receiving his Miranda, warnings were suppressed (pp. 41, 51 and 52).[12]

Under the factual circumstances of the instant prosecution, defense counsel's pursuit of a diminished capacity defense appear to be the only reasonable strategy and counsel cannot be deemed to have been ineffective in pursuing this defense. Roland v. Vaughn supra. What the trial depended on was an assessment of credibility, a role reserved to the fact-finder. United States v. John-Baptiste, 747 F.3d 186, 208 (3d Cir.), cert. denied 134 S.Ct. 2324 (2014); 28 U.S.C. § 2254(e)(1).

Because counsel cannot be deemed to have been Constitutionally ineffective, nor was Brown's conviction secured in any manner contrary to the decisions of the United States Supreme Court nor involved any unreasonable interpretation of those determinations he is not entitled to relief here.

For these reasons, the petition of William Brown for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

---

[12] In Stone v. Powell, 428 U.S. 465 (1976), the Court held that where, as here, the state courts provide a full and fair opportunity to seek to suppress evidence federal review is barred.

An appropriate Order will be entered.

Filed: May 9, 2016                              s/ Robert C. Mitchell
                                                United States Magistrate Judge